UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON


**CIVIL ACTION NO. 11-37-JBC**

**WELLS FARGO BANK, N.A.,**                                            **PLAINTIFF,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**FIDELITY NATIONAL TITLE
COMPANY, ET AL.,**                                         **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon Fidelity National Title Company and ServiceLink Title Company's motion to bifurcate Wells Fargo Bank's contract and bad faith claims and to stay discovery on Wells Fargo's bad faith claims until after resolution of its contract claims (R. 12). The court will grant the motion.

This dispute arises out of a homeowners' refinancing of their mortgage pursuant to which a mortgage/security agreement was neither signed nor recorded. The homeowners have since defaulted on the loan and filed bankruptcy, and the Trustee has successfully avoided Wells Fargo's security interest in the property. Wells Fargo's complaint alleges that Fidelity National and its subsidiary ServiceLink Title Company breached their contracts with Wells Fargo by failing to properly execute and record the mortgage and failing to issue a title insurance policy. Wells Fargo also claims bad faith on the part of the defendants.

Whether Wells Fargo may pursue its bad faith tort claim is entirely dependent

1

upon the outcome of its contract claims, because it first must prove that the defendants were liable on the underlying contracts in order to pursue its tort claims. *See Wittmer v. Jones,* 864 S.W.2d 885, 890 (Ky. 1993). The questions of whether a contract existed, whether it was breached, and to what extent each defendant might be liable are primarily issues of law that will be supported by objective proof of each party's obligations and actions. On the other hand, questions of whether the defendants acted in bad faith will require subjective proof of defendants' intent, and the discovery involved in such inquiries will likely be much more extensive and contentious.

Because the proof required for the bad faith claim is not "inextricably intertwined" with the proof required for the underlying contract claim, *see Tharpe v. Il. Nat. Ins. Co.*, 199 F.R.D. 213, 215 (W.D. Ky. 2001), it is both logical and reasonable to delay consideration and discovery regarding Wells Fargo's bad faith claims until it is determined that such effort is necessary. *See 2H&V Constr. Serv., LLC, v. Sergent Systems, Inc.*, No. 08-388, 2009 U.S. Dist. LEXIS 111465, at *3 (E.D. Ky. 2009); *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). Under such circumstances, bifurcation of issues will further the interests of judicial economy and convenience and will avoid prejudice. *See* FED. R. CIV. P. 42(b); *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470 (6th Cir. 2007); *Am. Trim. LLC v. Oracle Corp.*, 383 F.3d 462 (6th Cir. 2004).

Accordingly,

**IT IS ORDERED** that Wells Fargo's claims will be bifurcated to separate bad faith allegations for resolution after the outcome of its underlying claims.

**IT IS FURTHER ORDERED** that all discovery relating solely to Wells Fargo's bad faith claims will be stayed until the resolution of its underlying claims.

Signed on  August 11, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY